UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

MICHAEL ANTHONY WILLIAMS,

                      Petitioner,                    Case No. 1:09-cv-86

v.                                      Honorable Paul L. Maloney

CINDI S. CURTIN,

                      Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner filed his petition in the Eastern District but it was transferred to this Court on grounds of venue. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I find that the petition is barred by the one-year statute of limitations and that Petitioner is not entitled to equitable tolling. Accordingly, I recommend that the Court dismiss the petition.

**Discussion**

I.       Factual Allegations

Petitioner is incarcerated in the Oaks Correctional Facility.  He pleaded guilty in the Kalamazoo County Circuit Court to first-degree home invasion.  The trial court sentenced him on March 11, 2002, to imprisonment of 8 years and 10 months to 30 years.  Petitioner was denied appointed counsel for his direct appeal.  Petitioner attempted to file an appeal in the Michigan Court of Appeals, but it was dismissed on May 29, 2002, for a filing defect.  Petitioner did not take any further steps to pursue his direct appeal in the state courts.

On May 5, 2005, Petitioner filed a motion for relief from judgment in the Kalamazoo County Circuit Court claiming that his trial counsel was ineffective when he: (1) failed to demand a competency evaluation, (2) failed to abide by Petitioner's request to take the matter to trial; and (3) disregarded Petitioner's request to withdraw the guilty plea.  Petitioner contends that his capacity to understand the legal proceedings against him was impaired as the result of a brain tumor that was surgically removed in 1995.  The trial court denied his motion on December 7, 2006.  The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on July 3, 2008 and November 25, 2008, respectively.

Petitioner filed his application for habeas corpus relief on or about January 22, 2008.[1] He raises the same claim that he presented in his motion for relief from judgment.  Petitioner also brings a motion for equitable tolling of the statute of limitations (docket #1).

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner did not date his petition, but his motion for equitable tolling, which was filed contemporaneously with his petition, is dated January 22, 2008.  The petition and motion were received in the Eastern District of Michigan on January 28, 2009.  Thus, Petitioner's pleadings must have been handed to prison officials for mailing at some time between January 22 and 28.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

II.        Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531

U.S. 4, 8 (2000) (defining "properly filed").

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the judgment of sentence was entered on March 11, 2002. Petitioner unsuccessfully attempted to appeal his conviction in the Michigan Court of Appeals. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). Petitioner had one year, until March 11, 2003, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Nor may he count the 90-period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *see generally United States v. Clay*,

537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and

2255).  Consequently, Petitioner's conviction became final on March 11, 2003.

Petitioner had one year, until March 11, 2004, to file his habeas application.

Petitioner filed on or about January 22, 2008, almost four years after the statute of limitations

expired.  Thus, his application is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled

while a duly filed petition for state collateral review is pending, the tolling provision does not revive

the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run.

*Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired,

collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*,

329 F.3d 490, 493 (6th Cir. 2003)  Even where the post-conviction motion raises a claim of

ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not

revive the statute of limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing

*McClendon*, 329 F.3d 490).  Because Petitioner's one-year period expired in 2004, his motion for

relief from judgment filed in 2005 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject

to equitable tolling.  *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that

the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling).

A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*,

366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v.*

*Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable

tolling should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928,

933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*,  295 F.3d 517, 521 (6th Cir. 2002);

*Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of

limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549

U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner contends that he is entitled to equitable tolling of the statute of limitations

due to his lack of education, ignorance of the law and mental disabilities from a brain tumor.

Petitioner claims that he was not appointed appellate counsel in his direct appeal and was unable to

cure the defect that resulted in the dismissal of his appeal.  In April 2005, Petitioner claims that he

"finally found" legal assistance from another prisoner who informed Petitioner that he could file a

motion for relief from judgment in the state courts.  Petitioner filed his motion for relief from

judgment on May 5, 2005, and filed his habeas corpus action less than two months after the

Michigan Supreme Court denied his application for leave to appeal on November 25, 2008.

I cannot find that Petitioner diligently pursued his rights.  Three years passed from

the dismissal of his direct appeal by the Michigan Court of Appeals until Petitioner filed his motion

for relief from judgment in the state court.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)

(citing *Cook*, 295 F.3d at 518) (holding that petitioner was not diligent in filing one month late)).

Petitioner does not allege that he made any efforts during that time to pursue his legal rights.

Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may

have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See*

*Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing

*United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714

(5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Petitioner also fails to establish that the effects of a brain tumor, which  was removed in 1995, constitutes an "extraordinary circumstance" that prevented him from timely filing his habeas petition.  A mental or physical illness tolls a statute of limitations if it actually prevents the sufferer from pursuing his legal rights during the limitations period.  *Price v. Lewis*, 119 F. App'x 725, 726-27 (6th Cir. 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski*, 82 F. Supp.2d 160, 168-70 (S.D.N.Y. 2000)).  The petitioner must make a threshold showing of incompetence and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition.  *Nowak v. Yukins*, 46 F. App'x 257, 259 (6th Cir. 2002) (citing *Calderon v. United States Dist. Court for Cent. Dist. of Cal.*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc) and *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)). Petitioner has attached medical records to his habeas petition showing that he had surgery to remove a scalp mass in 1995, seven years before his conviction in this case.  (*See* 7/31/95 Report of Dr. Richard A. Rovin, M.D., docket #1-2).  According to the medical report, the mass did not invade the inner table of the skull or affect the brain.  Nothing in the medical records suggests that Petitioner was mentally impaired as a result of the tumor or the surgery.  Petitioner, therefore, fails to demonstrate that he was incompetent during the period that elapsed before the limitations period expired.

Petitioner also claims that he is entitled to equitable tolling because he is innocent of the offense for which he was convicted.  The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations.  *See McCray v. Vasbinder,* 499

F.3d 568, 571 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005).  To support

a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more

likely than not that no reasonable juror would have convicted him.  *Souter*, 395 F.3d at 590, 598-99;

*Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 366 F.3d at 405.  A valid claim of actual

innocence requires a petitioner "to support his allegations of constitutional error with new reliable

evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical

physical evidence--that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*,

523 U.S. at 623.  A petitioner "must produce evidence of innocence so strong that the court can not

have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of

nonharmless constitutional error."  *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner fails to meet the standard for proving a claim of actual innocence.  He pleaded guilty to

the offense and has not presented any new reliable evidence in support of his claim of actual

innocence.  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate

opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547

U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court

may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file

objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the

District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the Court deny Petitioner's motion for equitable tolling (docket #1) and dismiss the petition because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   February 25, 2009                          /s/  Joseph G. Scoville
                                                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).