UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                            |
                                            |
MICHAEL ANTHONY WILLIAMS #214930,           |   Case No. 1:09-cv-86
                                            |
    Petitioner,                             |   HONORABLE PAUL L. MALONEY
                                            |
    v.                                      |   Magistrate Judge Joseph G. Scoville
                                            |
CINDI S. CURTIN,                            |
                                            |
    Respondent.                             |
                                            |
_____|

**OPINION and ORDER**

**Overruling the Plaintiff's Objections Regarding Equitable Tolling;
Adopting the R&R and Dismissing the Habeas Corpus Petition as Time-Barred;
Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case**

**INTRODUCTION**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on February 25, 2009. The court received timely objections from the petitioner, Michael Anthony Williams, dated March 4 and filed March 6, 2009.[1][2] The court also

---

[1] After being served with an R&R, parties have ten days to file objections. *Heggie v. MDOC*, 2009 WL 36612, *1 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (citing 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72 and W.D. MICH. LCIVR 72.3(b)). The ten days did not start until the day after the parties were served, and weekends and federal holidays are excluded. *Heggie*, 2009 WL 36612 at *1 (citing FED. R. CIV. P. 6(a)(1) (when calculating a time period, the period does not begin until the day after the event that triggers the right or obligation) and FED. R. CIV. P. 6(a)(2) (when

finds that his objections are sufficiently specific and articulated to trigger *de novo* review of the R&R.[3] *See Puckett v. Smith*, 2009 WL 2009 WL 539908, *1 (W.D. Mich. Mar. 3, 2009) (Jonker, J.) ("Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, '[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he . . . finds it justified.'") (quoting 12 WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 3070.2, at 381 (2d ed. 1997)).

## DISCUSSION

**The court finds the R&R to be well-reasoned and is unconvinced by Williams's objections.** Preliminarily, Williams does not object to the Magistrate's determination of the date

---

calculating a time period shorter than eleven days, the court must exclude weekends and holidays)).

[2] Because Williams is not an attorney and is proceeding *pro se*, he is not registered to participate in the court's Electronic Case Filing ("ECF") system. Accordingly, he sends and receives paper documents by U.S. mail. For the sake of respondent Curtin, the court assumes *arguendo* that she did not receive the objections until February 13, 2009, one week after the court docketed them. Curtin had fourteen days to file a response. *Horacek v. Caruso*, 2008 WL 4820483, *1 n.1 (W.D. Mich. Oct. 30, 2008) (Maloney, C.J.) (citing W.D. MICH. LCIvR 72.3(b)). The fourteen days began on Saturday, February 14, the day after she was served, and the court included both weekends and holidays. *Horacek*, 2008 WL 4820483 at *1 n.1 (citing FED. R. CIV. P. 6(a)(1) and (2)).

The fourteen days elapsed on about Friday, February 27 – or Monday, March 2, if we allow three days for "mailing." *See Rishell v. Standard Life Ins. Co.*, 2009 WL 395884, *2 n.1 (W.D. Mich. Feb. 13, 2009) (Maloney, C.J.) (discussing W.D. MICH. LCIvR 5.7(d)(i)(v) and FED. R. CIV. P. 6(d)). Curtin did not file a response or seek an extension of time in which to do so by March 2.

[3] "'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (quoting *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (district judge need not review R&R *de novo* where the objections are frivolous, conclusory or too general because the parties must "pinpoint those portions of the Magistrate's report that the district court must specifically consider")).

when his conviction became final for purposes of AEDPA's one-year limitations period, 28 U.S.C. § 2244(d)(1)(A) (with exceptions not applicable here, the limitations period runs "the date on which the judgment became final by the conclusion of direct review or", as here, "the expiration of the time for seeking such review" on March 11, 2003), *see* R&R at 4.  Nor does Williams object to the Magistrate's recommendation that time periods provided for appellate filings in the Michigan courts and the U.S. Supreme Court *not* be excluded from the running of the one-year limitations period, *see* R&R at 4-5.  The court adopts those determinations and the resultant finding that Williams's federal habeas deadline was March 11, 2004, nearly four years before he filed the instant petition in January 2008, *see* R&R at 5.

As the Magistrate notes, AEDPA's limitations period is subject to equitable tolling, *see, e.g., Henderson v. Louma*, 2008 WL 5046414, – F. App'x – (6th Cir. Nov. 26, 2008),[4] but it is Williams's burden to show that he is entitled to equitable tolling, *McSwain v. Davis*, 287 F. App'x 450, 456 (6th

---

[4]

There is a strong argument that post-conviction motions under 28 U.S.C. §§ 2254 and 2255 are *not* eligible for equitable tolling at all, but published Circuit precedent forecloses that view at the moment.  *See Solomon v. US*, 467 F.3d 928 (6th Cir. 2006), where Judge Griffin wrote in dissent:

> Were it not for *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001) * * * I would hold that the plain wording of 28 U.S.C. § 2255 does not provide for judicially-created equitable tolling.  In *Dunlap*, a two-judge majority purportedly held that, because 28 U.S.C. § 2255 was a statute of limitations, it was therefore subject to equitable tolling.  As noted by Judge Siler in his concurrence, the majority's conclusion with regard to this issue was not necessary for the disposition of the case.  For this reason, the *Dunlap* "holding" is arguably *obiter dictum*. [citations omitted]
>
> However, because this portion of *Dunlap* has been followed in subsequent published decisions in our court, *see, e.g., Cobas v. Burgess*, 306 F.3d 441, 443 (6th Cir. 2002), and *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002), I consider it precedentially binding until such time as it is overruled by the Supreme Court or by this court sitting *en banc*.  6TH CIR. R. 206(c).

*Id.* at 935 with n.1 (paragraph break added).

Cir. 2008) (citing, *inter alia*, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)), *pet cert. filed o.g.*, 77 U.S.L.W. 3437 (U.S. Jan. 23, 2009) (No. 08-917).

Our Circuit cautions that we should only sparingly grant equitable tolling. *Inglesias v. Davis*, – F. App'x –, –, 2009 WL 87574, *2 (6th Cir. Jan. 12, 2009) (Suhrheinrich, Batchelder, Sutton); (citing *Solomon v. US*, 467 F.3d 928, 933 (6th Cir. 2006)). To override that presumption, Williams had to show that (1) "'he has been pursuing his rights diligently'" and (2) "'some extraordinary circumstance stood in his way.'" *Freeman v. Rapelje*, 2008 WL 4613068, *4 (W.D. Mich. Oct. 14, 2008) (Maloney, C.J.) (citing *Lawrence v. FL*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007) (Thomas, J., for the Court, joined by Roberts, C.J., and Scalia, Kennedy & Alito, JJ.) (stating that, *if* § 2254 petitions are eligible for equitable tolling, which the Court did not decide, this is the standard to apply)).

**Much case law, and the consistent practice in our district, supports the Magistrate's suggestion, R&R at 5-7, that neither Williams's *pro se* status[5] and lack of legal training, nor his putative unawareness of the AEDPA deadline, excuses his failure to petition within the year allowed by statute.** *See Jagodka v. Lafler*, 148 F. App'x 345, 347 (6th Cir. 2005) (p.c.) (Siler, Daughtrey, D.J. Marbley) (citing *Starnes v. US*, 18 F. App'x 288, 293 (6th Cir. 2001) (Batchelder, Clay, Polster)); *see, e.g., Torres v. Davis*, 2009 WL 613550, *1 (W.D. Mich. Mar. 9, 2009)

---

[5]

Williams objects that he was "counseless [sic] throughout the entire appeal process . . . ." Objections at 3. That certainly might make it more difficult to ascertain and comply with statutory deadlines or court rules and procedures, but the court reminds Williams that one does not have a constitutional right to counsel on collateral review. That term includes habeas petitions and other state or federal post-conviction motions challenging a conviction or sentence outside the direct-appeal process. *See Smith v. Ohio DORC*, 463 F.3d 426, 433 n.4 (6th Cir. 2006) and *Nou v. Curtin*, 2005 WL 2123819, *3 (W.D. Mich. Aug. 31, 2005) (Carmody, M.J.) (both citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

(Maloney, C.J.); *Rea v. Curtin*, 2009 WL 528953, *5 (W.D. Mich. Feb. 27, 2009) (Robert Jonker, J.) ("The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been aware of the statute of limitations does not warrant tolling.") (citations omitted).[6]

**Likewise, Williams shows no legal or factual error in the Magistrate's suggestion that Williams failed to prove that his brain tumor constituted an extraordinary circumstance that prevented him from filing his habeas petition on time.**  It is undisputed that the tumor was removed in 1995, about seven years before Williams's conviction (March 2002). While Williams attached medical records showing that he had surgery to remove a mass on his scalp in 1995, the records also stated that the mass did not invade the inner table of the skull or affect the brain. Williams has not provided any medical records, test results, or opinion which might even arguably suggest that he was physically or mentally impaired by the aftereffects of the tumor or the surgery such that it rendered him incapable of timely pursuing his state appellate rights and federal habeas rights so many years later. On the contrary, as a state trial court noted, "[t]he defendant was described as neurologically intact" even before the surgery to remove the tumor, and he has not alleged that he ever sought psychiatric care before or after the surgery. *See People v. Michael Anthony Williams*, Case No. C03-1533-FH, slip op. at 6 (Cir. Ct. Kalamazoo Cty., Mich. Dec. 7,

---

[6]

*See also Manning v. Palmer*, 2009 WL 427382, *4 (W.D. Mich. Feb. 20, 2009) (Quist, J.);
*Etchison v. Harry*, 2009 WL 426647, *5 (W.D. Mich. Feb. 19, 2009) (Neff, J.);
*Lorenz v. Howes*, 2008 WL 4148888, *4 (W.D. Mich. Sept. 4, 2008) (Enslen, J.);
*Mann v. Harry*, 2008 WL 4056363, *4 (W.D. Mich. Aug. 26, 2008) (Bell, J.);
*Allen v. Preslesnik*, 2007 WL 4292568, *4 (W.D. Mich. Dec. 5, 2007) (Miles, J.);

*Alexander v. Metrish*, 2007 WL 542010, *12 (W.D. Mich. Feb. 16, 2007) (Edgar, J.) ("Ignorance of the law, even for incarcerated *pro se* habeas petitioners, generally does not excuse late filing and does not justify tolling the statute of limitations.") (citations omitted);

2006) (Hon. Richard Ryan Lamb, Cir. J.).[7] Perhaps even more significant, MDOC's Eric C. Lanes completed a mental-health progress note in December 2005, more than two years before Williams filed the instant petition, stating as follows:

> No evidence of major mental disorder presently. No apparent significant cognitive / intellectual sequelae have been reported or apparent post-op[eration]. Record review and prisoner's description of his past and present functioning are not consistent with any major mental disorder.

*Id.* at 10. Williams's objections do not mention these findings by the state circuit court, nor has he submitted any medical opinion from which the court could conclude that Lane's opinion was wrong or unreliable.

Williams asserts that from the time of his 1995 surgery until after his incarceration, he received Supplemental Security Income ("SSI") from the federal taxpayers due to mental disability, which "was so severe that his cousin, Tyrone Shepard was ordered as his guardian. Whether ths disability was directly due to the surgery or not, Petitioner is clearly mentally disabled, which is documented in his PSI [Pres-Sentence Investigation] report." Objections at 2. Williams presents no evidence to support his claim that a court appointed a guardian due to his mental disability, nor does he specify when the guardian was allegedly appointed. In any event, such an appointment, without more, does not excuse the failure of Williams and his guardian to investigate and act over such an extended period of time.

---

[7]

*Cf. Cutts v. Jones*, 2009 WL 230091, *7 (M.D. Ala. Jan. 30, 2009) ("he has failed to establish a causal connection between the alleged mental impairment and the ability to file a federal habeas petition.") (citing, *inter alia*, *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir.) (p.c.) (Daughtrey, Sutton, D.J. Forester), *cert. denied*, 546 U.S. 942 (2005)). Neither Williams's brief before the Magistrate nor his objections, identifies any decisions finding that a habeas petitioner was sufficiently incapacitated to justify late filing in the absence of some competent, specific medical evidence to that effect. *See also* Williams' Motion for Equitable Tolling filed Jan. 22, 2009 at 3-4 ¶ 10.

Finally, Williams states, "It has only been with the assistance [of] another inmate that Petitioner has been able to prepare the pleadings recently filed, or to even comprehend that his Habeas deadline had elapsed." Objections at 3. Having failed to present medical evidence as to the nature and extent of the limitations caused by his mental condition, however, Williams cannot point to that condition as an excuse for failing to act on his own before assistance became available.

Nor does Williams explain why, in the exercise of reasonable diligence, he did not seek and obtain the assistance of another inmate, or his guardian, much earlier than he did. Williams would have the court believe that for a period of many years after his surgery, his mental condition prevented him from realizing that he had to secure assistance and investigate his options, but by 2005 the condition did not prevent him from doing so. He presents no medical opinion or other evidence to suggest that the mental condition improved in some way that restored some of his mental awareness and cognitive abilities between his March 2002 sentencing and his January 2008 filing of this petition. And even assuming *arguendo* that Williams's mental condition caused him to improperly file his intended direct appeal, the Michigan Court of Appeals' May 2002 dismissal of that appeal for a filing defect put him on notice that he needed to seek assistance from someone to pursue the appeal. Williams does not show that it was reasonably diligent to do nothing to correct the defect in his appeal, let the appeal time expire, and wait almost three years before seeking help and filing a motion for relief from judgment in Michigan state court.

**Lastly, Williams does not object to the Magistrate's rejection of his argument that he is entitled to equitable tolling on the basis of actual innocence,** *see* **R&R at 7-8, and the court adopts the Magistrate's recommendation on this score.** Because Williams pled guilty to the crime (first-degree home invasion) and has not presented any new reliable evidence of innocence,

7

he has not carried his burden of producing "evidence of innocence so strong that the court can not have confidence in the outcome of the trial," such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, *Connolly v. Howes*, – F. App'x –, –, 2008 WL 5378012, *4 (6th Cir. Dec. 23, 2008) (Batchelder, Clay, Sutton) (citing *Schlup v. Delo*, 513 U.S. 298, 316, 324 (1995)).  While the Supreme Court did not intend its list "to be an exhaustive list of everything upon which an actual innocence claim may be based," *Souter v. Jones*, 395 F.3d 577, 595 n.8 (6th Cir. 2005), "'the *Shlup* standard is demanding and permits review only in the extraordinary case'", *Connolly*, – F. App'x at –, 2008 WL 5378012 at *4 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).  Whether with *Shlup*-type evidence or some other type of evidence, Williams has not shown that his is such an extraordinary case. *See, e.g., Birkett*, 2007 WL 1061452 (W.D. Mich. Apr. 5, 2007) (Edgar, J.).

## CERTIFICATE OF APPEALABILITY

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability ("COAs"). *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001))).  Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a certificate is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467).  Here, the only "claim", i.e., objection to the R&R, concerns equitable tolling.

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Paul L. Maloney, C.J.)

(quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479 (2008), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)).  To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'"  *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)).  *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) and *Henley v. Bell*, – F. App'x –, –, 2009 WL 233283, *1 (6th Cir. Feb. 2, 2009) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009).

The petitioner need not show, however, that he is likely to succeed on appeal.  *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007).  "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'"  *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

Williams does not meet the standard for a COA, because other reasonable jurists would not disagree with the determination that he has not shown entitlement to the truly extraordinary remedy of equitable tolling.  Nor has he presented any other issues, such as actual innocence, which are "adequate to deserve further review."

9

**ORDER**

Accordingly, having reviewed the habeas corpus petition, the opinions of the Michigan state courts in the petitioner's case, the R&R, and petitioner's timely objections to the R&R:

The petitioner's objections [document # 8] are **OVERRULED**.

The Report & Recommendation [document # 7] is **ADOPTED.**

The habeas corpus petition is **DISMISSED as time-barred.**

This case is **TERMINATED** and **CLOSED**.

This is a final order, but the court declines to issue a certificate of appealability.

**IT IS SO ORDERED this 25th day of March 2009.**[8]

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

8

This order does not prevent the plaintiff from seeking a certificate of appealability from the U.S. Court of Appeals for the Sixth Circuit under FED. R. APP. P. 22. *See Wilson v. US*, 287 F. App'x 490, 494 (6th Cir. 2008) ("If the district judge denies a COA, a request may then be made to a court of appeals . . . .") (citing *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997)).

If the Sixth Circuit grants a COA, it will review *de novo* this court's refusal to equitably toll the AEDPA limitations period, if it considers the underlying facts to be undisputed. *Chavez v. Carranza*, – F.3d –, –, 2009 WL 670022, *4 (6th Cir. Mar. 17, 2009) (Siler, McKeague, D.J. Ludington) (citing *Cook v. SSA*, 480 F.3d 432, 435 (6th Cir. 2007)).